Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| SCOTT KOCHER, in his capacity as Personal Representative of The Estate of ASHLEY BENSON, | Case No. 3:18-cv-00449-SB |
| Plaintiff, | |
| v. | PLAINTIFF'S MOTION TO REMAND |
| HILTON WORLDWIDE HOLDINGS, INC.; HILTON DOMESTIC OPERATING COMPANY, INC.; HILTON FRANCHISE HOLDING, LLC; WMK PORTLAND, LLC; GRACE LIAL; MEDALIST HOLDINGS, LLC; LEEWARD HOLDINGS, LLC; CAMARILLO HOLDINGS, LLC; DARTMOOR HOLDINGS, LLC; IC HOLDINGS, LLC; BACKPAGE.COM, LLC; UGC TECH GROUP C.V.; WEBSITE TECHNOLOGIES, LLC; ATLANTISCHE BEDRIJVEN C.V.; AMSTEL RIVER HOLDINGS, LLC; LUPINE HOLDINGS, LLC; KICKAPOO RIVER INVESTMENTS, LLC; CF | Oral Argument Requested |

PLAINTIFF'S MOTION TO REMAND

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

HOLDINGS GP, LLC; CF
ACQUISITIONS, LLC; CARL FERRER;
MICHAEL LACEY; JAMES LARKIN;
AND JOHN DOES 1-5,

        Defendants.

_____

PLAINTIFF'S MOTION TO REMAND

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

# TABLE OF CONTENTS

I. LR 7.1 CERTIFICATION.................................................................... 1

II. RELIEF REQUESTED / INTRODUCTION..................................... 1

III. STATEMENT OF RELEVANT FACTS.......................................... 2

    A.  Sex Trafficking on Backpage and at the DoubleTree Hotel ................. 2

    B.  Procedural History .......................................................... 6

    C.  Events Since Filing the Lawsuit........................................... 9

IV. STATEMENT OF THE ISSUE....................................................... 10

V. EVIDENCE RELIED UPON ........................................................ 10

VI. ANALYSIS .................................................................................... 11

    A.  The notice of removal is procedurally defective. ............................. 11

        1.  The removal notice is not timely............................................ 12

        2.  The removal notice is not unanimous. .................................... 15

    B.  The Backpage Defendants cannot remove this case to federal
        court because the case lacks complete diversity among the
        parties. ....................................................................... 16

    C.  Plaintiff did not "fraudulently" join Defendant Grace Lial............... 17

    D.  The Ninth Circuit does not recognize "fraudulent misjoinder." ......... 24

    E.  Plaintiff requests that the Court award her the attorney fees
        incurred to remand this case. ........................................... 26

VII. CONCLUSION............................................................................. 27

PLAINTIFF'S MOTION TO REMAND

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ATF-Or. v. Or. Taxpayers United PAC*,
209 Or. App 518, 149 P.3d 159 (2006)......................................................... 26

*Bag Home Loans Servicing, L.P. v. McDaniel*,
No. 6:12-CV-00327-AA, 2012 U.S. Dist. LEXIS 67577 (D. Or.
May 15, 2012) .......................................................................................... 19

*Barry v. Oregon Trunk Railway*,
197 Or. 246, 253 P.2d 260 (1953)............................................................. 27

*Brazina v. Paul Revere Life Ins. Co.*,
271 F. Supp. 2d 1163 (N.D. Cal. 2003) .................................................... 28

*Chance v. Ringling Bros. Barnum & Bailey Combined Shows, Inc.*,
257 Or. 319, 478 P.2d 613 (1970)............................................................. 26

*Coleman v. Assurant, Inc.*,
463 F. Supp. 2d 1164 (D. Nev. 2006) ....................................................... 17

*Ford v. Raybestos-Manhattan, Inc.*,
No. C 01-03705 CRB, 2001 U.S. Dist. LEXIS 22603 (N.D. Cal.
Dec. 7, 2001).......................................................................................... 15

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) .................................................................... 15

*Guardado v. Highshaw*,
No. EDCV 13-365 PSG (Spx), 2013 U.S. Dist. LEXIS 188414
(C.D. Cal. May 6, 2013). ......................................................................... 28

*Leif's Auto Collision Centers LLC v. Progressive Halcyon Ins. Co.*,
No. 05-1958-PK, 2006 U.S. Dist. LEXIS 102121 (D. Or. Mar. 9,
2006) ...................................................................................................... 28

*Loid v. Computer Scis. Corp.*,
No. CV-12-5144-EFS, 2013 U.S. Dist. LEXIS 30980 (E.D. Wash.
Mar. 5, 2013) .......................................................................................... 22

*Lujan v. Girardi|Keese*,
No. 09-00017, 2009 U.S. Dist. LEXIS 120501 (D. Guam Dec.
29, 2009)........................................................................................... 21, 22

PLAINTIFF'S MOTION TO REMAND

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

*McAnally Enters., Inc. v. McAnally,*
    107 F. Supp. 2d 1223 (C.D. Cal. 2000) ..........................................15, 16, 17

*McCabe v. General Foods Corp.,*
    811 F.2d 1336 (9th Cir. 1987) ......................................................15, 27, 28

*Morris v. Princess Cruises, Inc.,*
    236 F.3d 1061 (9th Cir. 2000) ................................................................. 21

*Osborn v. Metro. Life Ins. Co.,*
    341 F. Supp. 2d 1123 (E.D. Cal. 2004) .............................................. 21, 29

*Pioneer Asset Inv. Ltd. v. Arlie & Co.,*
    No. 15-00387 ACK-KSC, 2015 U.S. Dist. LEXIS 174085 (D.
    Hawaii Dec. 14, 2015) ............................................................................. 19

*Selman v. Pfizer, Inc.,*
    No. 11-cv-1400-HU, 2011 U.S. Dist. LEXIS 145019 (D. Or. Dec.
    16, 2011)................................................................................................. 28

*Three Pirates, LLC v. Shelton Bros., Inc.,*
    No. 3:16-cv-01054-JE, 2016 U.S. Dist. LEXIS 152720 (D. Or.
    Sept. 27, 2016)........................................................................................ 20

**Statutes**

28 U.S.C. 1447 ......................................................................................... 21, 30

28 U.S.C. § 1446.................................................................................... 15, 16

ORS 30.867 .................................................................................................. 22

PLAINTIFF'S MOTION TO REMAND

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

# I. LR 7.1 CERTIFICATION

Counsel for Plaintiff certifies that before filing this motion, a good faith effort was made to resolve the issues raised in this motion.  Counsel for Plaintiff spoke by phone and email with counsel for the removing Defendants on March 13, 16, and 19, 2018, but the parties were unable to resolve the issues addressed in this motion.

## II.  RELIEF REQUESTED / INTRODUCTION

Plaintiff requests that the Court remand this case to the Multnomah County Circuit Court.  This Court lacks jurisdiction.

This lawsuit was filed on behalf of the Estate of Ashley Benson.  Ms. Benson, the mother of a young son, was a victim of sex trafficking who was brutally murdered by a man who purchased her for sex off the internet.  Ms. Benson was killed at the DoubleTree by Hilton hotel in Portland, Oregon (the "DoubleTree Hotel") and left dead in the hotel stairwell for over eight hours before police were called.

At the time of her murder, Ms. Benson was a resident of the State of Oregon.  The Personal Representative of her estate filed this lawsuit against the DoubleTree Hotel, Grace Lial (the Director of Services at the DoubleTree Hotel), Hilton (as the franchisor of the DoubleTree Hotel), and a complex set of entities and individuals who own a website called "Backpage.com" ("Backpage"), an online marketplace for sex trafficking and prostitution.

Three of the Defendants who own Backpage—Carl Ferrer, Michael Lacey, and James Larkin (the "Individual Defendants")—have attempted to improperly remove this case to federal court on the basis of diversity jurisdiction.  The removal notice is procedurally defective.  It is untimely and lacks unanimous

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

consent from all defendants.

The removal notice is also substantively defective.  Because Plaintiff Benson and Defendant Lial are residents of Oregon, the Court lacks diversity jurisdiction.  The Individual Defendants have attempted to circumvent complete diversity by arguing that Ms. Lial was fraudulently joined.  Plaintiff, however, pled specific facts and claims against Ms. Lial.  In addition, the evidence already known to the parties suggests that Ms. Lial knew about sex trafficking at the hotel and in connection with Backpage, refused to implement corporate policies to prevent trafficking, and may have encouraged further profit from trafficking by making the hotel an attractive place to conduct illicit activity without fear of law enforcement.

The Hilton and DoubleTree Defendants have not admitted that Ms. Lial's conduct was committed within the scope of employment.  Ms. Lial was properly joined in this lawsuit because of her knowledge of, and involvement in, the sex trafficking that led to Ms. Benson's murder.  The case should be remanded to state court.

### III.  STATEMENT OF RELEVANT FACTS

### A.    Sex Trafficking on Backpage and at the DoubleTree Hotel

This case arises out of the death of Ashley Benson, a woman who was trafficked by an abusive pimp on the website www.backpage.com, and then murdered by a man who bought Ms. Benson for sex off the website and lured her to the DoubleTree Hotel in Portland, Oregon.  The "John" who murdered Ms. Benson was named Chris Yoon, and he was prosecuted and convicted.

Backpage is the largest online marketplace for prostitution and sex

PLAINTIFF'S MOTION TO REMAND - Page 2
Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

trafficking in the country.[1]  The Individual Defendants own and control Backpage through a complicated web of foreign corporations and limited liability companies,[2] which have also been named as defendants in this lawsuit.  In 2017, following a years-long investigation into Backpage and its owners, including the Individual Defendants, the U.S. Senate issued a report titled "Backpage.com's Knowing Facilitation of Online Sex Trafficking" (the "Senate Report").[3]  The Senate investigation revealed that "Backpage knows that it facilitates prostitution and child sex trafficking"[4] and that "Backpage has knowingly concealed evidence of criminality by systematically editing its 'adult' ads."[5]  The report found that Backpage employed both manual editing and automated filters "to conceal the nature of the underlying transaction" from which the website derives its profits.[6]  At the peak of this editing practice, Backpage was editing "70 to 80% of the ads" in the adult section.[7]  Backpage's practices evolved with time "to reject an ad in its entirety if it contained certain egregious words suggestive of sex trafficking."[8]  The Senate Report states that as it implemented this change, Backpage began "coaching its customers on how to post 'clean' ads for illegal transactions."[9]

---

[1] Senate Report at 6 (Exhibit 1 to the Declaration of Janis C. Puracal in Support of Plaintiff's Motion to Remand ("Puracal Decl.")).

[2] *Id.* at 42-50.

[3] *Id.*

[4] *Id.* at 36.

[5] *Id.* at 17.

[6] *Id.* at 18-19.

[7] *Id.* at 25.

[8] *Id.* at 2.

[9] *Id.*

PLAINTIFF'S MOTION TO REMAND - Page 3

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

The Subcommittee also found that Backpage derives virtually all of its revenue from prostitution and sex trafficking ads.[10]  The Senate Report disclosed that 93.4% of Backpage's average weekly paid ad revenue came from its "adult" ads in 2011.[11]  By 2014—the year that Ms. Benson was murdered— Backpage's annual revenue had reached $135 million.[12]

In addition to being criminal acts, sex trafficking and prostitution are widely known to be dangerous.  A study in the American Journal of Public Health, in May 2014, titled "A Systematic Review of the Correlates of Violence Against Sex Workers," found that 45 to 75% of sex workers experience violence in connection with their work, including "abuse, human rights violations, and murder."[13]

It is also widely known that sex trafficking and prostitution transactions arranged through Backpage are often consummated in hotels.  The Hilton Worldwide Code of Conduct, which features the logo of DoubleTree by Hilton on its cover, recognizes this fact:  "Sex trafficking and sexual tourism is a large and growing problem worldwide, and Hilton must never allow any Hilton properties, products, or services to be used in any manner that supports or enables any form of abuse and exploitation."[14]  The Code further states:  "As signatories of the ECPAT Tourism Child-Protection Code of Conduct, we are

---

[10] *Id.* at 6.

[11] *Id.* at 44.

[12] *Id.* at 43.

[13] Deering, K., *et al.*, *A Systematic Review of the Correlates of Violence Against Sex Workers*, American Journal of Public Health, 104(5), e42-e54, available at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3987574/ (last visited April 11, 2018).

[14] Hilton Code of Conduct (Exhibit 2 to Puracal Decl.).

PLAINTIFF'S MOTION TO REMAND - Page 4

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

fully committed, in each and every one of the markets in which we operate, to protecting individuals from all forms of abuse and exploitation."[15]

ECPAT (End Child Prostitution and Trafficking), a leading non-profit organization, has developed detailed protocols to deter and prevent sex trafficking in hotels.  While ECPAT is particularly concerned about the exploitation of children, its hotel protocols are considered best-practices for preventing sex trafficking involving both children and adults.  Many hotel chains, including Hilton Worldwide, are members of, and have committed to implementing, ECPAT's Code of Conduct.[16]  ECPAT's flagship report on hotels, the "No Vacancy for Child Sex Traffickers Impact Report," starts by explaining the connection between hotels and online advertisements for sex.[17]  "With the use of online classified ads, child sex trafficking is both on the streets and behind the closed doors of local hotel rooms.  Pimps rent rooms in hotels, then go online to create advertisements in adult sexual services pages, and finally sell victims in hotels or have victims meet purchasers at nearby hotels."[18]  Because of this widely-recognized connection between online sex ads and hotel rooms, ECPAT's "Hotel Checklist" requires hotel management to take specific steps to prevent sex trafficking at hotels.[19]

Ms. Lial, the Director of Services at the DoubleTree Hotel, refused to take those steps.  Ms. Lial knew that sex trafficking was happening at the

---

[15] *Id.*

[16] *See* ECPAT USA, Code Members (Exhibit 3 to Puracal Decl.).

[17] No Vacancy for Child Sex Traffickers Impact Report (2017), available at: https://www.ecpatusa.org/novacancy (last visited April 11, 2018).

[18] *Id.* at 7.

[19] ECPAT Hotel Checklist (Exhibit 4 to Puracal Decl.).

PLAINTIFF'S MOTION TO REMAND - Page 5

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

DoubleTree Hotel.  Portland Police found evidence of sex trafficking at the hotel in February 2014—just ten months before Ms. Benson was trafficked and murdered at the hotel—and interviewed Ms. Lial about that activity.[20]  The victim in that case had been photographed in sexually explicit poses at the DoubleTree Hotel, and those photographs were used to sell her on Backpage.[21]  The victim had also been held against her will at the DoubleTree Hotel and forced to have sex with men for money while her trafficker waited in the lobby.[22]

Still, Ms. Lial refused to implement policies that would prevent sex trafficking at the hotel and, instead, made the hotel more attractive to traffickers and Johns—accepting cash for rooms, allowing visitors to access rooms without registration, authorizing only infrequent security checks, and refusing to install security cameras.[23]  The Hilton and DoubleTree Defendants have not admitted that Ms. Lial's conduct occurred within the scope of employment.  To the contrary, it is likely that the Hilton and DoubleTree Defendants will argue at trial that Ms. Lial's conduct was outside the scope of her employment, in an effort to avoid their own liability.

## B.    Procedural History

Plaintiff filed this case against the DoubleTree Hotel, Ms. Lial, Hilton, and the Backpage-related entities and individuals alleging liability for wrongful death, violation of Oregon statutes to prevent sex trafficking, and negligent

---

[20] February 2014 PPB Police Report (Exhibit 5 to Puracal Decl.).

[21] *Id.*

[22] *Id.*

[23] PPB Report of Benson Murder (Exhibit 6 to Puracal Decl.).

PLAINTIFF'S MOTION TO REMAND - Page 6

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

infliction of emotional distress.  Plaintiff began service attempts on December 28, 2017, and was forced to make numerous alternate attempts to serve the Backpage-related entities and individuals.  Some of the Backpage-related entities were not registered in any state in which they are conducting business, and the Individual Defendants actively avoided attempts at service, including service through their retained counsel.[24]

Ultimately, Plaintiff served all Defendants as follows:

| DEFENDANT | MEANS OF SERVICE | DATE OF SERVICE |
|---|---|---|
| Hilton Worldwide Holdings, Inc. | Registered Agent[25] | 01-05-2018 |
| Hilton Domestic Operating Company, Inc | Registered Agent[26] | 01-05-2018 |
| Hilton Franchise Holding, LLC | Registered Agent[27] | 01-05-2018 |
| WMK Portland, LLC; | Registered Agent[28] | 12-29-2017 |
| Grace Lial | Personal Service[29] | 12-28-2017 |
| Medalist Holdings, LLC | Service via Secretaries of State for Oregon and Delaware[30] | Oregon: 02-14-2018 Delaware: Pending |

---

[24] Declarations Served on Secretaries of State (Exhibit 7 to Puracal Decl.).

[25] Proofs of Service (Exhibit 8 to Puracal Decl.).

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] Declarations Served on Secretaries of State (Exhibit 7 to Puracal Decl.); Dkt. No. 1-1 at pp.32-39.

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

| DEFENDANT | MEANS OF SERVICE | DATE OF SERVICE |
|---|---|---|
| Leeward Holdings, LLC; | Registered Agent[31] | 01-05-2018 |
| Camarillo Holdings, LLC | Registered Agent[32] | 01-05-2018 |
| Dartmoor Holdings, LLC | Registered Agent[33] | 01-05-2018 |
| IC Holdings, LLC; | Registered Agent[34] | 01-05-2018 |
| Backpage.com, LLC | Registered Agent[35] | 01-05-2018 |
| UGC Tech Group C.V. | Service via Secretaries of State for Oregon and Delaware[36] | Oregon: 02-14-2018 Delaware: Pending |
| Website Technologies, LLC | Registered Agent[37] | 01-05-2018 |
| Atlantische Bedrijven C.V. | Service via Secretaries of State for Oregon and Texas[38] | Oregon: 02-14-2018 Texas: 02-15-2018 |
| Amstel River Holdings, LLC | Registered Agent[39] | 01-05-2018 |

---

[31] Dkt. No. 1-1 at p.10.

[32] Dkt. No. 1-1 at p.12.

[33] Dkt. No. 1-1 at p.14.

[34] Dkt. No. 1-1 at p.16.

[35] Dkt. No. 1-1 at p.18.

[36] Declarations Served on Secretaries of State (Exhibit 7 to Puracal Decl.); Dkt. No. 1-1 at pp.40-47.

[37] Dkt. No. 1-1 at p.20.

[38] Declarations Served on Secretaries of State (Exhibit 7 to Puracal Decl.); Dkt. No. 1-1 at pp.48-56.

[39] Dkt. No. 1-1 at p.22.

PLAINTIFF'S MOTION TO REMAND - Page 8

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

| DEFENDANT | MEANS OF SERVICE | DATE OF SERVICE |
|---|---|---|
| Lupine Holdings, LLC | Registered Agent[40] | 01-05-2018 |
| Kickapoo River Investments, LLC | Registered Agent[41] | 01-05-2018 |
| CF Holdings GP, LLC | Registered Agent[42] | 01-05-2018 |
| CF Acquisitions, LLC; | Registered Agent[43] | 01-05-2018 |
| Carl Ferrer | Attorney Acceptance[44] | 02-13-2018 |
| Michael Lacey | Attorney Acceptance[45] | 02-13-2018 |
| James Larkin | Attorney Acceptance[46] | 02-13-2018 |

The Individual Defendants were the last to be served.  Those three Defendants then attempted to remove to federal court.

## C.    Events Since Filing the Lawsuit

Plaintiff filed this lawsuit on December 22, 2017.  On April 9, 2018, two of the Individual Defendants (Mr. Larkin and Mr. Lacey) were federally indicted for facilitating prostitution through the Backpage website and for money laundering.[47]  On April 5, 2018, the third Individual Defendant (Carl Ferrer)

---

[40] Dkt. No. 1-1 at p.24.

[41] Dkt. No. 1-1 at p.26.

[42] Dkt. No. 1-1 at p.28.

[43] Dkt. No. 1-1 at p.30.

[44] Dkt. No. 1-1 at pp.1-2.

[45] Dkt. No. 1-1 at pp.4-5.

[46] Dkt. No. 1-1 at pp.7-8.

[47] Federal Indictment (Exhibit 9 to Puracal Decl.).

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

pled guilty to federal charges for facilitating prostitution and money laundering.[48]  The Backpage website was seized by the FBI, and it appears that operations have been frozen.[49]

In addition, on April 11, 2018, the federal "Stop Enabling Sex Traffickers Act," or "SESTA," was signed into law.[50]  The Act seeks to clarify the country's sex trafficking law to make it illegal to knowingly assist, facilitate, or support sex trafficking.[51]  The Act further amends the Communications Decency Act to prevent websites like Backpage from claiming that they are immune from liability for facilitating sex trafficking on the internet.[52]

## IV.  STATEMENT OF THE ISSUE

Should the Court remand this case to state court when:

(a)  the Individual Defendants did not timely remove;

(b)  the Individual Defendants did not obtain unanimous consent to removal from all Defendants; and

(c)  Plaintiff properly pled viable claims against Ms. Lial, a non-diverse defendant?

## V.  EVIDENCE RELIED UPON

This motion is based upon the Declaration of Janis C. Puracal and the attached papers.

---

[48] Cassidy, M., *et al.*, *Backpage.com CEO pleads guilty in prostitution, money laundering case*, USA Today Network (April 12, 2018) (Exhibit 10 to Puracal Decl.).

[49] Backpage Website (Exhibit 11 to Puracal Decl.).

[50] HR 1865 (Exhibit 12 to Puracal Decl.).

[51] *Id.*

[52] *Id.*

PLAINTIFF'S MOTION TO REMAND - Page 10

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

## VI.  ANALYSIS

Removal statutes are strictly construed against removal.[53]  Any doubt about removal should be resolved in favor of remanding a case to state court.[54] Furthermore, "strict construction is especially warranted in diversity cases, where 'concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created.'"[55]

The Court should remand this case to Multnomah County Circuit Court because the Individual Defendants cannot meet their heavy burden to prove that removal was proper, particularly given the "strong presumption against removal" and the "general presumption against finding fraudulent joinder."[56]

## A.    The notice of removal is procedurally defective.

A removing defendant must comply with the procedural requirements for removal pursuant to 28 U.S.C. § 1446(b).  Under that statute, "a defendant must file a notice of removal of the action within thirty 30 days after receipt of a complaint which reveals the presence of a substantial federal question or the existence of diversity."[57]  In addition, "where there are multiple defendants, all defendants must join in the petition for removal; this proposition is referred to

---

[53] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[54] *Id.*

[55] *Ford v. Raybestos-Manhattan, Inc.*, No. C 01-03705 CRB, 2001 U.S. Dist. LEXIS 22603, at *3 (N.D. Cal. Dec. 7, 2001) (citing *Hom v. Service Merchandise Co., Inc.*, 727 F. Supp. 1343, 1345 (N.D. Cal. 1990)).

[56] *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

[57] *McAnally Enters., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1225-26 (C.D. Cal. 2000) (citing 28 U.S.C. § 1446(b)).

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

as the 'unanimity rule.'"[58]

Federal courts recognize that, "[i]f a defendant's removal notice fails to meet the procedural requirements of section 1446(b), such as timeliness or unanimity, a court may remand the action upon a plaintiff's timely motion."[59]

The removal notice filed by the Individual Defendants is neither timely nor unanimous.

## 1. The removal notice is not timely.

The removal statute requires that the removal notice be filed within 30 days after the defendant is served with the complaint.[60] The Individual Defendants filed their removal notice 30-days after service on them, but long after service on the other defendants.[61] The removal notice was filed on March 14, 2018.[62] Grace Lial was the first defendant to be served on December 28, 2017.[63] Fourteen of the defendants were served on January 5, 2018.[64] The majority of the defendants, in fact, were served more than 30 days before the removal notice was filed.[65]

Courts are split on applying the thirty-day rule to cases with multiple defendants, and the Ninth Circuit has not yet addressed the issue.[66] Some

---

[58] *Id.* at 1226 (citing *Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854, 855, 44 L. Ed. 1055 (1900)).

[59] *Id.*

[60] 28 U.S.C. § 1446(b).

[61] Notice of Removal, dated March 14, 2018 [Dkt. No. 1].

[62] *Id.*

[63] Proofs of Service (Exhibit 8 to Puracal Decl.).

[64] *Id.*

[65] *Id.*

[66] *McAnally Enters.*, 107 F. Supp. 2d at 1226.

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon 97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503-245-1518

courts hold that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint—the "first-served" rule.[67]  Other courts follow the "later-served" rule, which allows "a later-served defendant to have 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants."[68]

Federal courts in Oregon have not addressed this issue, and other district courts in the Ninth Circuit are split.[69]  Courts applying the "first-served" rule generally do so because 1) it follows logically from the unanimity rule, 2) forum selection should be resolved as early as possible, and 3) removal statutes must be construed narrowly.[70]  Some courts describe "the failure of a defendant to remove a case within thirty days as a 'waiver' of the right to remove, and thus that defendant is precluded from consenting to a later-served defendant's notice of removal," preventing unanimity.[71]  "The particular facts of a case have also influenced these courts."[72]

The facts of this case warrant application of the "first-served" rule. Plaintiff began service attempts on December 28, 2017—just six days after the complaint was filed.[73]  With respect to the Backpage Defendants, in particular, Plaintiff was forced to make multiple attempts at service because many of the

---

[67] *Id.*

[68] *Id.  See also Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1165-66 (D. Nev. 2006).

[69] *Id.* at 1166-67.

[70] *McAnally Enters.*, 107 F. Supp. 2d at 1227.

[71] *Id.*

[72] *Id.*

[73] Proofs of Service (Exhibit 8 to Puracal Decl.).

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

corporate defendants failed to name a registered agent in any state in which they are doing business, and the Individual Defendants avoided service.[74] Even the attorneys who now represent these Defendants refused to respond to Plaintiff's attempts at service.[75]  Counsel for the Individual Defendants responded only after Plaintiff prepared an *ex parte* motion for alternate service on those Defendants.[76]  The Defendants in this case were served at varying times because they were actively avoiding service.

In the meantime, Plaintiff began discovery into those Defendants already served.  Plaintiff issued requests for production to 13 of the total 22 Defendants while the matter was pending in state court.[77]

Plaintiff also served Defendant WMK Portland with a request to inspect the DoubleTree Hotel where Ms. Benson was murdered.[78]  Further, Plaintiff conferred with the Hilton and DoubleTree Defendants on their planned motion to dismiss in the state court, and Plaintiff amended her complaint in response.[79]

Finally, and most importantly, the Individual Defendants own and control 14 of the corporate defendants named in this lawsuit.[80]  Eleven of those corporate defendants were all served more than thirty days before the

---

[74] Declarations Served on Secretaries of State (Exhibit 7 to Puracal Decl.).

[75] *Id.*

[76] Emails from Puracal to Cunningham, dated February 9 and 11, 2018 (Exhibit 13 to Puracal Decl.).

[77] Puracal Decl. at ¶ 15.

[78] *Id.*

[79] Email from Puracal to Haddon, dated March 1, 2018 (Exhibit 14 to Puracal Decl.).

[80] Senate Report at 42-50 (Exhibit 1 to Puracal Decl.).

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

Individual Defendants filed their removal notice.[81]  The Individual Defendants attempted to avoid service and are now using the delay to obtain removal on behalf of their companies who waived their right to remove.

The Court should follow the "first-served" rule and find that the removal notice was untimely.  Remand is appropriate.

### 2.    The removal notice is not unanimous.

Remand is also appropriate because Medalist Holdings LLC has not joined in or consented to the removal.  Federal district courts in Oregon recognize that "[w]here, as here, the case involves multiple defendants, the 'rule of unanimity' requires that all defendants consent to the removal petition."[82] The removal petition in this case is silent as to whether consent from Medalist Holdings LLC was sought or obtained.

Instead, the Individual Defendants argue that Medalist Holdings LLC was procedurally misjoined because, according to the Individual Defendants, Medalist is not related to the facts alleged.  The Senate investigation, however, specifically found that Medalist Holdings LLC was the "ultimate corporate parent" of Backpage.com LLC, a named defendant in this lawsuit.[83]  According to the Senate Report (attached to Plaintiff's complaint), "[b]y 2012, Village Voice Media Holdings had changed into Medalist Holdings LLC, a privately-held Delaware entity owned by Lacey [one of the Individual Defendants], Larkin

---

[81] *See*, *supra*, chart at pp.8-11.

[82] *Bag Home Loans Servicing, L.P. v. McDaniel*, No. 6:12-CV-00327-AA, 2012 U.S. Dist. LEXIS 67577, at *12-13 (D. Or. May 15, 2012) (citing *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009)).  *See also Pioneer Asset Inv. Ltd. v. Arlie & Co.*, No. 15-00387 ACK-KSC, 2015 U.S. Dist. LEXIS 174085, at *4 (D. Hawaii Dec. 14, 2015).

[83] Senate Report at 45 (Exhibit 1 to Puracal Decl.).

PLAINTIFF'S MOTION TO REMAND - Page 15

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

[another Individual Defendant], Scott Spear, John 'Jed' Brunst, and two of Larkin's children."[84]  The Senate Report discusses the many companies owned by Medalist Holdings LLC, including six Backpage-related entities named in this lawsuit.[85]

The Individual Defendants suggest that Medalist Holdings *Inc.* (instead of *LLC*) may be the proper party to be named, but there is, at a minimum, a question of fact as to the relationship between Medalist Holdings Inc. and Medalist Holdings LLC.  That question should be resolved as part of the litigation.

In the meantime, the Individual Defendants were required to obtain consent to remove from Medalist Holdings LLC and did not.  That failure is fatal to removal and cannot be cured because the 30-day window to obtain consent has long since passed.[86]  Remand is proper.

**B.   The Individual Defendants cannot remove this case to federal court because the case lacks complete diversity among the parties.**

This case lacks complete diversity among the parties.  Plaintiff Benson[87] and Defendant Lial[88] are citizens of the state of Oregon.  Because complete diversity does not exist, removal was improper.

---

[84] *Id.*

[85] *Id.*

[86] *Three Pirates, LLC v. Shelton Bros., Inc.*, No. 3:16-cv-01054-JE, 2016 U.S. Dist. LEXIS 152720, at *7 n.1 (Sept. 27, 2016) (30-day period cannot be enlarged or extended).

[87] Benson License Info (Exhibit 15 to Puracal Decl.).

[88] First Amended Complaint ¶ 15 [Dkt. No. 1-1 at 138].

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

The Individual Defendants attempt to argue that non-diverse Defendant Lial was fraudulently joined, but, as discussed below, the Defendants fail to satisfy their burden to prove an "obvious" failure to state a claim against Ms. Lial.  The case should be remanded to state court, pursuant to 28 U.S.C. § 1447(c).

**C.    Plaintiff did not "fraudulently" join Defendant Grace Lial.**

Fraudulent joinder "is a term of art."[89]  Under Ninth Circuit authority, "[i]f the plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to the settled rules of the state, the joinder of the non-diverse defendant is fraudulent."[90]

The Individual Defendants suggest that Ms. Lial was fraudulently joined because Plaintiff cannot sustain a claim against her, arguing for a standard similar to that on a motion to dismiss.  That is not the proper standard.  "The standard [for removal based on fraudulent joinder] is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."[91]  That is, "[w]hen a removing defendant alleges the district court has diversity jurisdiction on the basis of fraudulent joinder, 'the federal court first adopts a strict presumption against removal, and then asks whether there is 'any chance' that a state court would find a viable cause of action against a resident defendant.'"[92]  Under Ninth Circuit

---

[89] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2000) (citing *McCabe*, 811 F.2d at 1339).

[90] *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

[91] *Lujan v. Girardi|Keese*, No. 09-00017, 2009 U.S. Dist. LEXIS 120501, at *19 (D. Guam Dec. 29, 2009).

[92] *Id.*

PLAINTIFF'S MOTION TO REMAND - Page 17

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

authority, "[o]nly where there is no reasonable ground for supposing that a plaintiff has a cause of action will the court find that there is fraudulent joinder.  In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims."[93]

Ninth Circuit case law "reinforces two key principles that must guide fraudulent joinder removals.  First, to avoid a subsequent remand, the removing defendants must show that non-diverse defendants cannot be liable to plaintiff on any theory, whether that theory is actually pled in the complaint or not.  Second, defendants—and so, for equity's sake, plaintiffs too—can [resort] to sources of evidence extrinsic to the complaint to shed light on whether the joinder was fraudulent."[94]

The Individual Defendants have failed to satisfy their burden to prove fraudulent joinder under the proper standard.  Plaintiff pled claims against Ms. Lial for wrongful death, violation of ORS 30.867 (sex trafficking), and negligent infliction of emotional distress.[95]  Ms. Lial could be liable under a theory of negligence or for knowingly benefitting from her reckless disregard of the facts and circumstances that suggested sex trafficking.  Plaintiff needs only one viable cause of action against Ms. Lial to defeat removal.

Plaintiff alleged that Ms. Lial was aware of specific sex trafficking activities at the hotel and either failed to prevent, or actively facilitated, further

---

[93] *Id.* at 21-22.

[94] *Loid v. Computer Scis. Corp.*, No. CV-12-5144-EFS, 2013 U.S. Dist. LEXIS 30980, at *12 (E.D. Wash. Mar. 5, 2013).

[95] First Amended Complaint [Dkt. No. 1-1 at 136].

PLAINTIFF'S MOTION TO REMAND - Page 18

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

trafficking at the hotel for financial gain.  Plaintiff intends to take discovery of

Ms. Lial's knowledge of, and role in, the trafficking.  Evidence already exists to

suggest that Ms. Lial could be liable.  Ms. Lial knew that pimps were using the

DoubleTree Hotel for sex trafficking and posting ads of victims in the hotel

rooms on the Backpage website.[96]  Portland Police interviewed Ms. Lial about

that activity in February 2014—just 10 months before Ms. Benson was

trafficked and murdered at the hotel.[97]  In one case in which Ms. Lial was

interviewed by police, a trafficker took sexually explicit photographs of the

victim at the DoubleTree Hotel and posted those pictures on Backpage to sell

the girl for sex at the hotel.[98]  The trafficker then held the girl against her will

at the DoubleTree Hotel, inviting different men to the room to have sex with the

girl for money while the trafficker waited in the lobby.[99]  The trafficker used

part of that money to pay for additional nights in the room.[100]  Police reports

reveal that the trafficker looked for hotels without surveillance cameras that

would also accept cash.[101]  The DoubleTree Hotel was his first stop and, after

canvassing four other hotels, the trafficker decided that it was the most inviting

for trafficking purposes.[102]

      Ms. Lial also knew that Hilton had adopted policies to prevent sex

---

[96] 2014 Portland Police Report of Trafficking (Exhibit 5 to Puracal Decl.).

[97] *Id.*

[98] *Id.*

[99] *Id.*

[100] *Id.*

[101] *Id.*

[102] *Id.  See also* 2011 Portland Police Report of Trafficking (Exhibit 16 to Puracal Decl.).

PLAINTIFF'S MOTION TO REMAND - Page 19

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

trafficking at the hotel.[103]  The Hilton is, in fact, a member of the ECPAT Code of Conduct, a voluntary set of business principles to prevent trafficking.[104]  The ECPAT Hotel Checklist specifically advises members to, among other things:

- "use security cameras placed strategically,"
- "verify that all guests and visitors who enter are captured and recorded,"
- "monitor online sex ads such as Craiglist and Backpage for your hotel name and pictures of your rooms and guests,"
- "require that all visitors are logged,"
- "implement a policy that all guests meet and escort their visitors at night," and
- "implement a no cash policy."[105]

It is unknown why Ms. Lial refused to implement or enforce these policies at the DoubleTree Hotel.  The hotel is located next to Holladay Park in Portland—a park known to Portland Police as a "hot spot" for trafficking activity.[106]  It is not known whether and the extent to which Ms. Lial reported to her employer the problems with sex trafficking at the hotel.  She did not take any steps to address the problems within her role as Director of Services and, instead, encouraged further profit from trafficking by continuing to accept cash payments, having no operable security cameras at the hotel, authorizing only

---

[103] Hilton Code of Conduct (Exhibit 2 to Puracal Decl.); ECPAT Hotel Checklist (Exhibit 4 to Puracal Decl.).

[104] ECPAT USA, Code Members (Exhibit 3 to Puracal Decl.).

[105] ECPAT Hotel Checklist (Exhibit 4 to Puracal Decl.).

[106] *See, e.g.,* Jennifer Anderson, *Groups hope to cool gang "hot spots,"* The Portland Tribune (March 12, 2013) (Exhibit 17 to Puracal Decl.).

PLAINTIFF'S MOTION TO REMAND - Page 20

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

infrequent security checks of hotel premises, and allowing non-registered guests access to hotel rooms[107]—procedures that make a hotel more attractive to traffickers and Johns seeking to avoid attention from law enforcement.[108]

Indeed, the facts suggest that sex trafficking and prostitution were commonly known and accepted activities at the hotel.  A customer told police that he saw Benson in the hotel bar looking for a "sugar daddy."[109]   A hotel employee recognized Benson as a "homeless female" who often came to the hotel with another female.[110]

On the night that she was murdered, Ms. Benson, an unregistered guest, was allowed access to the room rented to Mr. Yoon and was then killed in that room or in the stairwell.[111]  Ms. Benson laid dead in that hotel stairwell for over eight hours before police were called.[112]

The Individual Defendants suggest that Ms. Lial may not have been working on the night that Ms. Benson was murdered.[113]  Ms. Lial need not have been working at the time of the murder in order to have facilitated, allowed, or profited from, the trafficking that led to that murder.  Moreover, police reports indicate that Ms. Lial *was* working when Portland Police were called to investigate the murder.[114]  Portland Police first interviewed Ms. Lial

---

[107] Portland Police Report of Benson Murder (Exhibit 6 to Puracal Decl.).

[108] 2014 Portland Police Report of Trafficking (Exhibit 5 to Puracal Decl.).

[109] Portland Police Report of Benson Murder (Exhibit 6 to Puracal Decl.).

[110] *Id.*

[111] *Id.*

[112] *See id.*

[113] Notice of Removal at ¶ 75 [Dkt. No. 1].

[114] Portland Police Report of Benson Murder (Exhibit 6 to Puracal Decl.).

PLAINTIFF'S MOTION TO REMAND - Page 21

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

who told them about Yoon's registration, calls made from Yoon's room to a company called "TNAboard" (a sex workers review site), and the fact that hotel staff cleaned the room after the murder before police arrived.[115]  Ms. Lial made specific reference to Yoon's check-in the night before, suggesting that she had personal knowledge:  "Ms. Lial said Mr. Yoon did not have a reservation for the 25th, but had come in a day early, referred to the next day's reservation, and asked for a room at that same rate."[116]

Plaintiff alleged and intends to prove that Ms. Lial was acting within the scope of employment.  Under Oregon law, a plaintiff may plead and prove a claim against an employer and his employee.[117]  The plaintiff may also hold both parties jointly and severally liable:  "a defendant that is vicariously liable for the actions of another person might be held jointly and severally liable (assuming that the other person was also a defendant in the case, which certainly is not necessary in order to establish vicarious liability)."[118]

In addition, regardless of Plaintiff's allegations, DoubleTree may defend itself by attempting to prove that Ms. Lial acted outside the scope of her employment.  It is well-settled under Oregon law that a principal "is not liable for the willful and malicious acts of the servant committed outside the scope of

---

[115] *Id.*

[116] *Id.*

[117] *Cf. Chance v. Ringling Bros. Barnum & Bailey Combined Shows, Inc.*, 257 Or. 319, 327, 478 P.2d 613 (1970) ("As a general rule, where the master and servant are sued jointly in an action based solely on the tortious act of the servant and the servant is exonerated, there can be no recovery against the master.  However, the rule is inapplicable where there are separate grounds upon which to find the master liable.").

[118] *ATF-Or. v. Or. Taxpayers United PAC*, 209 Or. App. 518, 526, 149 P.3d 159 (2006).

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

his employment, and this is true even though the acts in question are committed in the course of the employment or the employment furnishes the opportunity for the wrongdoing. If the wrongful act of the servant is committed to effect some independent purpose of his own, the servant alone is ordinarily liable therefor."[119]

Plaintiff named Ms. Lial individually because of her knowledge and apparent role in the activity that led to Ms. Benson's murder. Ms. Lial's absence from the suit would create an "empty-chair" defense at trial. That is, if Ms. Lial was not individually named, the Defendants could argue at trial that Ms. Lial facilitated the trafficking at the hotel in her individual capacity and without the authority of DoubleTree. Under Oregon law, the jury could allocate fault to Ms. Lial, leaving Plaintiff without a recovery.

The Individual Defendants cite *McCabe* to argue that Ms. Lial cannot be liable if her actions fell entirely within the scope of employment.[120] In that case, the non-diverse defendants submitted a sworn declaration testifying that they had acted in the interest of their employer and not to benefit themselves.[121] Ms. Lial, here, has made no such admission about her actions, and none of the Defendants have filed answers from which the court could determine the scope of Ms. Lial's conduct.

Ms. Lial's joinder is not "obviously fraudulent or frivolous," and the Defendants cannot disregard her presence to secure diversity jurisdiction. Remand is proper.

---

[119] *Barry v. Oregon Trunk Railway*, 197 Or. 246, 257, 253 P.2d 260 (1953).

[120] Notice of Removal at ¶ 73 [Dkt. No. 1].

[121] *McCabe*, 811 F.2d at 1339.

PLAINTIFF'S MOTION TO REMAND - Page 23

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon 97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503-245-1518

**D.      The Ninth Circuit does not recognize "fraudulent misjoinder."**

Separate from their arguments about "fraudulent joinder," the Individual Defendants ask that the Court adopt the theory of "fraudulent misjoinder," a theory that emerged from *Tapscott v. MS Dealer Service Corp.*, a case in which the Eleventh Circuit ruled that claims could be considered fraudulently joined when they are misjoined.[122]  In *Tapscott*, two groups of plaintiffs sued separate groups of defendants on almost entirely separate legal grounds.[123]  The Eleventh Circuit found that joinder of these two groups of plaintiffs, which was accomplished through FRCP 20, was "so egregious as to constitute fraudulent joinder."[124]  The concept of "fraudulent misjoinder" applies where the claims against the diverse defendant have no real connection to the claims against the non-diverse defendant.

"Fraudulent misjoinder" does not apply in this case.  First, the Ninth Circuit and the federal district courts in Oregon have never adopted the theory of fraudulent misjoinder.[125]  The theory has, instead, largely been rejected by district courts within the Ninth Circuit.[126]  At least one district court in the Ninth Circuit has recognized that "the better rule would require [defendants] to resolve the claimed misjoinder in state court, and then, if that court severed

---

[122] 77 F.3d 1353, 1360 (11th Cir. 1996).

[123] *Id.*

[124] *Id.*

[125] *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003).  *See also Selman v. Pfizer, Inc.*, No. 11-cv-1400-HU, 2011 U.S. Dist. LEXIS 145019, at *40 (D. Or. Dec. 16, 2011); *Leif's Auto Collision Centers LLC v. Progressive Halcyon Ins. Co.*, No. 05-1958-PK, 2006 U.S. Dist. LEXIS 102121, at *4-6 (D. Or. Mar. 9, 2006).

[126] *Id. See also Guardado v. Highshaw*, No. EDCV 13-365 PSG (Spx), 2013 U.S. Dist. LEXIS 188414, at *15 (C.D. Cal. May 6, 2013).

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

the case and diversity then existed, it could seek removal of the cause to federal court."[127]

    Second, the claims against all Defendants are connected and arise out of the same set of facts.  Ms. Lial knew that traffickers were using the hotel rooms at the DoubleTree Hotel to take photos of girls and post on Backpage to sell sex at the hotel.[128]  The relationship between Backpage and the DoubleTree Hotel goes back to at least 2011.[129]  Ms. Lial knew that the DoubleTree Hotel was profiting from traffickers renting rooms at the hotel.[130]  Indeed, the victim who was trafficked at the hotel in February 2014 used the money from a John to pay for additional nights at the hotel, and that fact was disclosed in the public police reports that discuss the interview with Ms. Lial.[131]

    Ms. Lial also knew that Hilton had created procedures to prevent trafficking at its hotels,[132] but Ms. Lial refused to put those procedures into place at the DoubleTree Hotel.  Ms. Lial was at the hotel when police arrived to investigate Ms. Benson's murder on the morning of December 26, 2014, and her statements to police suggest that she was involved in securing a room for Mr. Yoon.[133]  Fraudulent misjoinder does not apply.

---

[127] *Osborne v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal 2004).

[128] 2011 Portland Police Report of Trafficking (Exhibit 16 to Puracal Decl.); 2014 Portland Police Report of Trafficking (Exhibit 5 to Puracal Decl.).

[129] *Id.*

[130] 2014 Portland Police Report of Trafficking (Exhibit 5 to Puracal Decl.).

[131] *Id.*

[132] Hilton Code of Conduct (Exhibit 2 to Puracal Decl.); ECPAT Hotel Checklist (Exhibit 4 to Puracal Decl.).

[133] Portland Police Report of Benson Murder (Exhibit 6 to Puracal Decl.).

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

**E.    Plaintiff requests that the Court award her the attorney fees incurred to remand this case.**

The removal statute (28 U.S.C. 1447(c)) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff requests an order awarding costs and fees incurred as a result of removal in this case.

The Backpage Defendants have been sued in sex trafficking cases similar to this one around the country.[134] In each of those cases, the Backpage Defendants have attempted to remove to federal court, arguing that every non-diverse defendant is fraudulently joined or misjoined.[135] The Backpage Defendants have cited to the same Eleventh Circuit case law, regardless of application to local law.[136]

Plaintiff has incurred $12,705 to research, draft, and file this motion for remand.[137] Plaintiff requests that the Court award her the fees to remand this case.

///

---

[134] *See*, *e.g.*, *Doe v. Medalist Holdings, LLC*, No. EDCV-17-1264-MWF (FFMx), Order re Plaintiff's Motion to Remand (C.D. Cal. Sept. 1, 2017) (Exhibit 18 to Puracal Decl.); *J.S., et al. v. Backpage.com, LLC*, No. 3:12-cv-06031-BHS, Order Granting Plaintiffs' Motions for Remand to State Court (W.D. Wash. Mar. 5, 2013) (Exhibit 19 to Puracal Decl.); *Ambrose v. Backpage.com, LLC*, No. 17 CV 5081, Order (N.D. Ill. Nov. 21, 2017) (Exhibit 20 to Puracal Decl.); *K.R. v. Backpage.com*, No. 1:17-CV-299-WKW, Memorandum Opinion and Order (M.D. Ala. Aug. 18, 2017) (Exhibit 21 to Puracal Decl.).

[135] *Id.*

[136] *Id.*

[137] Puracal Decl. at ¶¶ 20-22.

PLAINTIFF'S MOTION TO REMAND - Page 26

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

## VII.  CONCLUSION

Based upon the foregoing, Plaintiff requests that the Court remand this case to Multnomah County Circuit Court and award Plaintiff the fees incurred in connection with this motion.

DATED:  April 13, 2018

| MALONEY LAUERSDORF REINER PC | JOEL SHAPIRO, ATTORNEY AT LAW |
|---|---|
| By:  /s/Janis C. Puracal<br>Andrew C. Lauersdorf, OSB #980739<br>Email:  acl@mlrlegalteam.com<br>Janis C. Puracal, OSB #132288<br>Email:  jcp@mlrlegalteam.com | By:  /s/Joel Shapiro<br>Joel Shapiro, OSB #003814<br>Email:  joel@joelshapirolaw.com |

Law Office of Joel Shapiro
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518