Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| SCOTT KOCHER, in his capacity as Personal Representative of The Estate of ASHLEY BENSON, | Case No. 3:18-cv-00449-SB |
| Plaintiff, | REPLY IN SUPPORT OF MOTION TO REMAND |
| v. | |
| HILTON WORLDWIDE HOLDINGS, INC.; HILTON DOMESTIC OPERATING COMPANY, INC.; HILTON FRANCHISE HOLDING, LLC; WMK PORTLAND, LLC; GRACE LIAL; MEDALIST HOLDINGS, LLC; LEEWARD HOLDINGS, LLC; CAMARILLO HOLDINGS, LLC; DARTMOOR HOLDINGS, LLC; IC HOLDINGS, LLC; BACKPAGE.COM, LLC; UGC TECH GROUP C.V.; WEBSITE TECHNOLOGIES, LLC; ATLANTISCHE BEDRIJVEN C.V.; AMSTEL RIVER HOLDINGS, LLC; LUPINE HOLDINGS, LLC; KICKAPOO RIVER INVESTMENTS, LLC; CF | |

Page 1 – REPLY IN SUPPORT OF MOTION TO REMAND

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

HOLDINGS GP, LLC; CF
ACQUISITIONS, LLC; CARL FERRER;
MICHAEL LACEY; JAMES LARKIN;
AND JOHN DOES 1-5,

          Defendants.

---

## I. REPLY

The Individual Defendants removed this case to federal court.  Plaintiff filed a motion to remand, and the Backpage Defendants[1] and the Hilton Defendants[2] moved for a 30-day extension of time to respond.  After the extension, nine of the 22 Defendants responded.  The other 13 Defendants did not respond, conceding the issue that their position on removal was not substantially justified.[3]  Because removal is no longer unanimous, remand is appropriate.

In addition, the responding Defendants failed to satisfy their burden to prove that removal was proper.  The Backpage Defendants and the Hilton Defendants fail to address the issues raised in the motion to remand under the

---

[1] Defendants Leeward Holdings, LLC, Camarillo Holdings, LLC, Michael Lacey, and James Larkin will be referred to collectively as "Backpage."  The remaining Backpage-affiliated Defendants did not respond to the motion to remand, but will be referred to as part of "Backpage."

[2] Defendants Hilton Worldwide Holdings, Inc., Hilton Domestic Operating Company, Inc., Hilton Franchise Holding, LLC, WMK Portland, LLC, and Grace Lial will be referred to collectively as "Hilton."  WMK Portland may also be referred to as "DoubleTree."

[3] *See Gwaduri v. Immigration and Naturalization Service*, 362 F.3d 1144, 1146 (9th Cir. 2004) ("It is well-within our discretion to determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified.") (collecting cases).

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

correct standards.  Plaintiff addresses those issues in turn below.

**A.    Ms. Benson was a citizen of Oregon, not Washington.**

Backpage incorrectly asserts that Ms. Benson was a citizen of Washington.

"For the purposes of diversity jurisdiction, a United States citizen is considered a citizen of the state in which he is domiciled."[4]  Federal courts hold that "[a] person is 'domiciled' in a location when he 'has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'"[5]  To determine where the individual intends to remain, federal courts consider "objective indicia" such as the resident's place of employment, driver's license, automobile registration, bank accounts, tax payments, and voting practices.[6]  The burden of proof to establish diversity of citizenship "is on the party asserting diversity as a basis for federal jurisdiction"[7]—Backpage, here.

Backpage cannot satisfy its burden to prove that Ms. Benson was a citizen of Washington.  Backpage does not offer any of the "objective indicia" required to prove an "intent to remain" in Washington, instead relying solely on the pleading filed to initiate probate after Ms. Benson's death.

---

[4] *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826 (D. Nev. 1988) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Safeco Ins. Co. v. Mirczak*, 662 F. Supp. 1155, 1157 (D. Nev. 1987)).

[5] *Id.* (citing *Lew*, 797 F.2d at 749-50).

[6] *Id.* (citing *Lew*, 797 F.2d at 750, 752; *Noreiga v. Lever Bros. Co.*, 671 F. Supp. 991, 993-94 (S.D. N.Y. 1987); *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (E.D. La. 1984)).

[7] *Id.* (citing *Lew*, 797 F.2d at 749; *Safeco Ins. Co.*, 662 F. Supp. at 1156).

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

The address on which Backpage relies belongs to Marcus Giles, the man who trafficked Ms. Benson.[8]  She was held at that address through force, fraud, and coercion—the key allegations on which the complaint is based.[9]

After Ms. Benson was murdered, her parents hired Attorney Josh Lamborn to file for probate in order to begin investigating her death.[10]  Mr. Lamborn took the information for probate from a client intake form on which the Bensons wrote the address where they believed that Ms. Benson was spending time before she died.[11]  The Bensons noted the address with an asterisk and the handwritten phrase "we think."[12]

At the time he filed for probate, Mr. Lamborn was not able to view the police reports or evidence collected due to the ongoing criminal investigation.[13]  He filed for probate to appoint a personal representative of the Estate who could then access protected materials.[14]  Mr. Lamborn was not aware that Ms. Benson's permanent residence was in Oregon, at the address listed on her driver's license, where she would have returned had she not been trafficked by

---

[8] Police Report Excerpt (Exhibit 1 to the Supplemental Declaration of Janis C. Puracal in Support of Plaintiff's Motion to Remand ("Supp. Puracal Decl.")).

[9] First Amended Complaint ¶¶ 2, 37 [Dkt. No. 1-1 at 136].

[10] Declaration of Josh Lamborn in Support of Plaintiff's Motion to Remand ("Lamborn Decl.") at ¶ 1.

[11] *Id.* at ¶ 2; Client Intake Form (Exhibit 1 to Lamborn Decl.).  Plaintiff offers a redacted copy of the first page of the intake form to rebut the allegations by Backpage that Ms. Benson was a citizen of Washington.  In doing so, Plaintiff specifically does not waive, and instead intends to preserve, any attorney-client privilege and work product protection.

[12] *Id.*

[13] Lamborn Decl. at ¶ 3.

[14] *Id.*

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

Mr. Giles.[15]  Neither the Estate nor Mr. Lamborn listed the address of Ms. Benson in Washington for any nefarious purpose, as Backpage alleges.[16]

Backpage asks the court to create a rule under which a trafficking victim becomes a legal resident of the state in which she is held by her trafficker.  By analogy, under Backpage's proposed rule, a victim of kidnapping would become a citizen of the state in which she was held against her will.  That rule is not consistent with federal law under which a plaintiff is a citizen of the state in which she intends to remain.

Plaintiff offered Ms. Benson's driver's license[17]—the only "objective indicia" indicating citizenship in the record—to prove that she is a citizen of Oregon, regardless of where she was held by her trafficker.  That license was issued on September 18, 2014—just three months before Ms. Benson was murdered.[18]  Backpage did not—and cannot—offer any objective indicia to prove an intent to remain in Washington.

---

[15] *Id.*

[16] *Id.* at ¶ 4.

[17] Benson License Info (Exhibit 15 to Puracal Decl.) [Dkt. No. 13-15].  Backpage cites no authority to support its argument that the court cannot consider hearsay evidence on a motion to remand.  "Courts in analogous circumstances have held otherwise," considering exhibits "for purposes of pretrial rulings so long as they can be reduced to admissible form at trial."  *See Spottswood v. Stewart Title Guar. Co.*, 2010 U.S. Dist. LEXIS 38093 at *19 n.11, 2010 WL 1539993 (S.D. Ala. Apr. 16, 2010).  *See also Tillman v. Uber Techs., Inc.*, 2018 U.S. Dist. LEXIS 26991, at *5 (M.D. Fla. Feb. 20, 2018) (considering the admissibility of a driver's license on a motion to remand).

[18] *Id.*

Page 5 – REPLY IN SUPPORT OF MOTION TO REMAND

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

**B.    Remand is proper because the Defendants did not satisfy their burden to prove fraudulent joinder.**

    **1.    The standard on a motion to remand is not the same as the standard on a FRCP 12(b)(6) motion to dismiss.**

To prove fraudulent joinder, Backpage and Hilton must prove that there is no possibility of a claim against Ms. Lial.[19]  Hilton mistakenly represents that the "fraudulent joinder standard seems to be the same as the standard for a dismissal pursuant to FRCP 12(b)(6)."[20]  Hilton and Backpage go on to dispute the factual allegations in the First Amended Complaint, arguing that the claims against Ms. Lial should not survive a motion to dismiss.  The standard to prove fraudulent joinder is not the same as the standard for dismissal under FRCP 12(b)(6).[21]

The Ninth Circuit has explicitly held that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."[22]  The court made clear that "[a] standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."[23]  The court went on to explain that "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of

---

[19] *See GranCare, LLC v. Thrower,* 2018 U.S. App. LEXIS 10552, at *10, 2018 WL 1955039 (9th Cir. Apr. 26, 2018).

[20] Hilton Response at 7.

[21] *GranCare,* 2018 U.S. App. LEXIS 10552, at *10.

[22] *Id.*

[23] *Id.* at *11.

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

federal question jurisdiction."[24]  That standard is consistent with case law on the fraudulent joinder doctrine:  "The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'"[25]

In *GranCare*, the Ninth Circuit recognized the distinction between the analyses.[26]  There, the estate of Ruth Thrower filed suit against GranCare, a company that operated a nursing facility where Ms. Thrower died.[27]  The estate alleged that Ms. Thrower suffered a fall at the facility, which could have been prevented and ultimately caused her death.[28]  The estate also named Remy Rhodes, an administrator at GranCare, as a defendant in the lawsuit.[29]  The complaint pled causes of action for wrongful death, negligence, and elder abuse.[30]  The defendants removed, arguing that Ms. Rhodes was fraudulently joined to defeat diversity jurisdiction.[31]  The defendants alleged that "the complaint was 'devoid of allegations that Defendant Rhodes herself committed any specific wrongdoing' and failed to 'ascrib[e] any particular act or omission by Rhodes.'"[32]  Similar to the Defendants in this case, the defendants in

---

[24] *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984)).

[25] *Id.* at **11-12 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

[26] *Id.*

[27] *Id.* at *4.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at **4-5.

[32] *Id.* at *5.

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

*GranCare* argued "that the heirs erred in 'lumping' Rhodes with other defendants by alleging misconduct against all defendants collectively, that the heirs did not plead their claims with sufficient particularity, and that the heirs did not sufficiently allege negligence."[33]

The federal district court in California disagreed, granting the estate's motion to remand, and the Ninth Circuit affirmed.[34] The Ninth Circuit explained that the court has upheld rulings of fraudulent joinder "where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant" or where "a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant."[35] The court went on to recognize that "[w]e have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of a plaintiff's case, even if that defense, if successful, would prove fatal."[36]

In *GranCare*, the Ninth Circuit specifically recognized that "[b]ecause these arguments go to the sufficiency of the complaint, rather than to the possible viability of the heirs' claims against Rhodes, they do not establish fraudulent joinder."[37]

Hilton and Backpage, here, make the same mistake by conflating the

---

[33] *Id.* at *17.

[34] *Id.* at **19-20.

[35] *Id.* at **8-9.

[36] *Id.* at *9.

[37] *Id.* at **17-18.

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

standard for fraudulent joinder with the standard for dismissal.  Like the defendants in *GranCare*, Hilton and Backpage submitted a declaration of the allegedly improper defendant (Ms. Lial, in this case) denying the allegations and emphasizing that her role is largely administrative.  The *GranCare* court recognized that a denial does not satisfy the standard to prove that there is no ***possibility*** of a claim against the joined defendant.[38]  "[A] denial, even a sworn denial, of allegations does not prove their falsity."[39]  To determine whether a defendant was fraudulently joined, the court looks at the possibility of a claim, not the sufficiency of the allegations pled.[40]

The responses from Hilton and Backpage do not analyze the issue under the correct standard, arguing instead that the allegations in the First Amended Complaint are insufficient to withstand dismissal.

### 2.    Under the correct standard, there is no fraudulent joinder.

The court must determine whether there is any possibility of a claim against Ms. Lial.[41]  Hilton and Backpage concede that Hilton could be vicariously liable for the conduct of Ms. Lial.[42]  That concession belies removal. If the acts of Ms. Lial can form the basis for vicarious liability, there exists the possibility of a claim against Ms. Lial under Oregon law, which allows a plaintiff to plead and prove a claim against an employer and employee, and

---

[38] *Id.* at *17.

[39] *Id.*

[40] *Id.* at **17-18.

[41] *See id.*

[42] Hilton Response at 21; Backpage Response at 30.

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

hold those parties jointly and severally liable.[43]  In addition, none of the entity Defendants (Hilton, Backpage, or DoubleTree) have conceded to accept vicarious liability for Ms. Lial's conduct if that conduct was reckless or knowing.

Furthermore, none of the Defendants assert that Ms. Lial could not be liable under any set of facts.  Plaintiff pled viable claims against Ms. Lial for wrongful death, violation of ORS 30.867 for sex trafficking, and negligent infliction of emotional distress.  Those claims arise out of Ms. Lial's conduct at the DoubleTree Hotel and may be proved as a result of negligent,[44] reckless,[45] or intentional acts.[46]  The parties already know that Ms. Benson came into the DoubleTree Hotel without registration, was sold for sex in one of the rooms, and was murdered in that room or in the stairwell.  Someone at the hotel either allowed that access to happen or failed to stop it.

---

[43] *Cf. Chance v. Ringling Bros. Barnum & Bailey Combined Shows, Inc.*, 257 Or. 319, 327, 478 P.2d 613 (1970) ("As a general rule, where the master and servant are sued jointly in an action based solely on the tortious act of the servant and the servant is exonerated, there can be no recovery against the master.  However, the rule is inapplicable where there are separate grounds upon which to find the master liable.").  *See also ATF-Or. v. Or. Taxpayers United PAC*, 209 Or. App. 518, 526, 149 P.3d 159 (2006) ("[A] defendant that is vicariously liable for the actions of another person might be held jointly and severally liable (assuming that the other person was also a defendant in the case, which certainly is not necessary in order to establish vicarious liability).").

[44] The standard to prove wrongful death is negligence.  *Joshi v. Providence Health System*, 342 Or. 152, 159, 149 P.3d 1164 (2006).

[45] A defendant under the sex trafficking statutes need not know that the victim is subjected to force, fraud, or coercion.  The statutes create a lesser standard under which a defendant can be liable if he or she recklessly disregards those facts.  *See* ORS 163.266.

[46] A defendant may also be liable under the sex trafficking statutes for intentional (knowing) acts.  *See id.*

Page 10 – REPLY IN SUPPORT OF MOTION TO REMAND

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

Although Ms. Lial asserts that she was not involved in any trafficking activity or negligent conduct that led to Ms. Benson's death, a jury may disagree.  Ms. Lial knew that traffickers had used the hotel in the past.[47]  She knew that traffickers would be deterred from renting at the DoubleTree Hotel if the hotel had security measures such as cameras, a "no cash" policy for rooms, and a requirement to show two forms of identification.[48]  And yet she never took, or instructed her staff to take, any action to prevent trafficking at the hotel.[49]

We may find facts through discovery that suggest that Ms. Lial was negligent and her conduct fell within the scope of employment.  Or we may find facts that suggest that Ms. Lial was actively turning a blind eye to the trafficking in order to fill the hotel.  Or we may find facts that suggest that Ms. Lial was actively involved.  Courts in other cases have recognized that hotel owners and staff may be liable for failing to stop sex trafficking or actively facilitating it to generate profit for the hotel.[50]

## C.    Fraudulent misjoinder does not apply.

Backpage continues to insist that courts in the Ninth Circuit uphold the doctrine of fraudulent misjoinder under FRCP 21.  Backpage relies primarily on

---

[47] *See* Evidence Discussed in Plaintiff's Motion to Remand at 24-27 [Dkt. No. 12].

[48] *Id.*

[49] *Id.*

[50] *See, e.g., K.R. v. Backpage.com*, 2017 U.S. Dist. LEXIS 99272, at *16 (M.D. Ala. June 26, 2017); *Ricchio v. McLean*, 853 F.3d 553, 557-58 (1st Cir. 2017).

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

three district court cases (*Sutton*,[51] *Greene*,[52] and *Anglada*[53]), but those cases have been recognized as constituting the minority in the Ninth Circuit.[54]  In a recent opinion from 2017, one district court in the Ninth Circuit wrote:  "The court in *Thee Sombrero* noted two courts in the Ninth Circuit that have applied the doctrine of fraudulent misjoinder, [*Sutton* and *Greene*].  Hartford identifies a third, [*Anglada*].  However, the court finds the reasoning of the majority of cases in this District more persuasive."[55]

In another more recent case from 2016, a district court in the Ninth Circuit, citing *Sutton* and *Greene*, wrote:  "[F]raudulent misjoinder has been explicitly applied twice by district courts within the jurisdiction of the Ninth Circuit."[56]  That court went on to recognize that *Sutton* and *Greene* are "several years old" and "[t]he more recent opinions from the neighboring district courts have been consistently negative towards the fraudulent misjoinder doctrine."[57]

Indeed, Backpage cites to one case (*Martin*) that specifically recognized that, although the Ninth Circuit has acknowledged the doctrine, "neither the

---

[51] *Sutton v. Davol, Inc.,* 251 F.R.D. 500, 505 (E.D. Cal. 2008).

[52] *Greene v. Wyeth*, 344 F.Supp.2d 674, 685 (D. Nev. 2004).

[53] *Anglada v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 126141, 2011 WL 5196710 (D. Nev. 2011).

[54] *See, e.g., Gleicher v. Hartford Underwriters Ins. Co.*, 2017 U.S. Dist. LEXIS 54759 *8 n.2 (C.D. Cal. Apr. 10, 2017); *Mohansingh v. Crop Production Services, Inc.*, 2017 U.S. Dist. LEXIS 175393 *10, 2017 WL 4778579 (E.D. Cal. Oct. 20, 2017); *Geffen v. General Electric Co.*, 575 F. Supp. 2d 865, 871 (Ohio 2008).

[55] *Gleicher*, 2017 U.S. Dist. LEXIS 54759 *8 n.2.

[56] *Ellis v. AmeriGas Propane, Inc.*, 2016 U.S. Dist. LEXIS 160443, at *5 (E.D. Cal. Nov. 18, 2016).

[57] *Id.*

Page 12 – REPLY IN SUPPORT OF MOTION TO REMAND

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

Ninth Circuit nor any other circuit has adopted it."[58]  Backpage is aware that the doctrine of fraudulent misjoinder does not apply in the Ninth Circuit. Other federal district courts have explicitly rejected Backpage's attempts to construe Ninth Circuit law to recognize the doctrine.[59]

Even if this Court recognizes the doctrine of fraudulent misjoinder, the doctrine does not apply in this case.  Plaintiff's claims all arise out of the same operative facts or series of occurrences—sex for sale on the internet that is then carried out at a hotel under force, fraud, or coercion.  The federal district court in Alabama specifically rejected the same "fraudulent misjoinder" arguments by Backpage in a case involving sex trafficking at a hotel.[60]

Sex trafficking generally requires that a trafficker find a girl to exploit, a platform to advertise her, a customer to purchase her, and a location for the sex acts.  Five of the Backpage Defendants (Carl Ferrer, Backpage.com LLC, Amstel River Holdings LLC, Website Technologies LLC, and UGC Tech Group CV) have already admitted their knowing facilitation of prostitution through Backpage in criminal cases in Arizona, Texas, and California.[61]  Ms. Benson was advertised on Backpage for sexual services, and those services were carried out at the DoubleTree Hotel owned and operated by the Hilton

---

[58] Backpage Response at 21 (citing *Martin v. DePuy Orthopaedics, Inc.*, 2013 WL 607855, at *2 (S.D. Cal. Feb. 15, 2013)).  Backpage cites to one other district court case that recognizes the misjoinder of **plaintiffs**, not defendants. Backpage Response at 23 (citing *Adams v. I-Flow Corp.*, 2010 U.S. Dist. LEXIS 33066, at **21-22, 2010 WL 1339948 (C.D. Cal. Mar. 30, 2010)).

[59] *See, e.g., Doe v. Medalist Holdings LLC*, 2017 U.S. Dist. LEXIS 142398, at *9, 2017 WL 3836041 (C.D. Cal. Sept. 1, 2017).

[60] *See K.R.*, 2017 U.S. Dist. LEXIS 99272, at *16.

[61] Plea Agreements in Arizona and Texas (Exhibit 2 to Supp. Puracal Decl.).

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

Defendants.  Once inside the hotel, Ms. Benson was then murdered.  Damages against all Defendants arise out of that series of wrongful acts.  Fraudulent misjoinder does not apply.

## D.    Removal was not timely.

In addition to being substantively improper, removal was not timely and, therefore, procedurally improper.  Backpage argues that the 2011 amendments to 28 U.S.C. 1446(b)—the "Jurisdiction and Venue Clarification Act of 2011"— fully resolve the timeliness issue by adopting the "later-served rule" for defendants.  At least one federal district court has recognized that "the adoption of the later-served rule and its formulation in the Jurisdiction and Venue Act is not so clear-cut."[62]  Two of the concerns raised by that court apply here.

First, the rationale of the later-served rule "does not apply when the failure to join the later-served defendant sooner was the result of a later-served defendant's obfuscation or avoiding service."[63]  In this case, the later-served defendants were the Individual Defendants who removed.  All other Defendants were earlier-served and waived their right to removal.[64]  The Individual Defendants avoided service for nearly two months.  Plaintiff attempted personal service, office service, and service by certified mail on the Individual

---

[62] *RCM Int'l, LLC v. Alpental Energy Partners, LLC*, 2014 U.S. Dist. LEXIS 168389, at *8, 2014 WL 6844944 (N.D. Cal. Dec. 4, 2014) (citing Paul E. Lund, *The Timeliness of Removal and Multiple-Defendant Lawsuits*, 64 BAYLOR L. REV. 50, 98-111 (2012)).

[63] *Id.* at *11.

[64] *See* chart in Plaintiff's Motion to Remand at pp. 12-14 [Dkt. No. 12].

Page 14 – REPLY IN SUPPORT OF MOTION TO REMAND

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

Defendants without success.[65]  Plaintiff also requested acceptance of service through two different attorneys representing the Individual Defendants in this case and in a federal case pending in Arizona, and neither attorney responded.[66]  The Individual Defendants agreed to accept service only after Plaintiff notified counsel that he intended to appear at *ex parte* in state court to get an order for alternate service.[67]  In the meantime, Plaintiff completed service on 11 companies of which the Individual Defendants are the sole members, and all of those companies waived the right to removal by failing to remove within 30 days.[68]  Federal courts recognize that "there is no 'manifest unfairness in depriving later-served defendants of a federal forum' where the later-served defendant is aware of the case and nonetheless seeks to avoid being joined."[69]

Second, "the rationale for preserving the later-served defendant's removal right does not apply . . . in instances when defendants are actually part of the same operating entity rather than separate and distinct entities."[70]  In *RCM Int'l, LLC v. Alpental Energy Partners, LLC*, the federal district court in California held that the later-served rule in the amended 28 U.S.C. 1446(b) did

---

[65] Draft *Ex Parte* Motion for Alternate Service by Mailing, sent to all parties on February 9, 2018 (Ex. 3 to Supp. Puracal Decl.).

[66] *Id.*

[67] *Id.*

[68] *See* chart in Plaintiff's Motion to Remand at pp. 12-14 [Dkt. No. 12].

[69] *RCM Int'l*, 2014 U.S. Dist. LEXIS 168389, at *11-12 (quoting *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011)).

[70] *Id.* at *12 (citing *Eltman v. Pioneer Communications of Am.*, 151 F.R.D. 311, 318 n.15 (N.D. Ill. Oct. 4, 1993); *Pocono Springs Civic Ass'n Inc. v. Rich One, Inc.*, 2001 U.S. Dist. LEXIS 2667, 2001 WL 114390, at *1 (M.D. Pa. Jan. 29, 2001); *Higgins v. Ky. Fried Chicken*, 953 F. Supp. 266, 270 (W.D. Wis. 1997)).

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

not apply where the later-served defendant who attempted to remove was properly considered "part of the same operating entity rather than separate and distinct entities."[71]  The court concluded that the later-served entity "lacks an independent right of removal under Section 1446(b)(2)(B)."[72]

The Individual Defendants, here, should not be considered different "defendants" within the meaning of the statute when they are the sole owners and operators of 11 entities who were properly served more than 30 days before removal.  Recognizing a new right of removal for these defendants "would be incompatible with any of the statute's underlying purposes and the Ninth Circuit's directive to construe the removal statutes strictly against removal."[73]

Removal by the Individual Defendants was not timely.  Remand is appropriate.

**E.    Plaintiff is entitled to attorney fees incurred to remand.**

Plaintiff is entitled to the attorney fees incurred to remand this case to state court for the reasons discussed in Plaintiff's moving papers.  Plaintiff is further entitled to fees based on the Defendants' litigation conduct.  All of the Backpage and Hilton Defendants requested a 30-day extension to respond to the motion to remand, asserting that they needed additional time to work out complex representation issues and respond to the issues raised in the motion. After the court granted the extension, thirteen of the Backpage Defendants did not file any response to the motion to remand at all, conceding the issue.  The

---

[71] *Id.* at **15-16.

[72] *Id.* at *16.

[73] *Id.* at **10-11.

Page 16 – REPLY IN SUPPORT OF MOTION TO REMAND

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon  97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503-245-1518

remaining Backpage and Hilton Defendants filed responses through the attorneys who have represented them from the beginning of this lawsuit, suggesting that the extension was sought only for purposes of delay. The Backpage Defendants made the same arguments to this court that have been explicitly rejected by other federal district courts. An award of attorney fees is appropriate.

Benson requests an award of $12,705 to bring the motion and $7,315 to review the responses and research, draft, and file this reply.

## II. CONCLUSION

Based upon the foregoing, Benson requests that the court remand this case to state court. Benson also requests that the court award $20,020 in attorney fees that were incurred in obtaining the remand.

DATED: June 12, 2018

| MALONEY LAUERSDORF REINER PC | JOEL SHAPIRO, ATTORNEY AT LAW |
|---|---|
| By: /s/Janis C. Puracal<br>Andrew C. Lauersdorf, OSB #980739<br>Email: acl@mlrlegalteam.com<br>Janis C. Puracal, OSB #132288<br>Email: jcp@mlrlegalteam.com | By: /s/Joel Shapiro<br>Joel Shapiro, OSB #003814<br>Email: joel@joelshapirolaw.com |

Law Office of Joel Shapiro PC
1312 SW 16th Ave, 2nd Floor
Portland, Oregon 97201
Telephone: 503-224-5950

Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503-245-1518