IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SCOTT KOCHER**, as Personal Representative
of the Estate of Ashley Benson,

        Plaintiff,

v.

**HILTON WORLDWIDE HOLDINGS, INC.**
**et al.**,

        Defendants.

No. 3:18-cv-00449-SB

OPINION AND ORDER

**MOSMAN, J.,**

On November 9, 2018, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation (F&R) [43], recommending that Plaintiff's Motion to Remand [12] should be GRANTED. Plaintiff and Defendants filed both Objections to the F&R [49, 50, 51] and Responses to the Objections [55, 57, 58].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff is the legal representative of the estate of decedent Ashley Benson, who was murdered at the DoubleTree Hotel in Portland in 2014. The Complaint, originally brought in state court, asserts claims against various defendants arising out of that murder. Defendant Grace Lial at all relevant times has worked as the Director of Rooms at the DoubleTree. The wrongful death claim against Ms. Lial rests on a form of premises liability. Defendants removed to this Court, asserting diversity jurisdiction. Plaintiff sought remand on the basis that Ashley Benson and Grace Lial are both domiciled in Oregon.

The F&R recommends remand, finding that Ashley Benson was domiciled in Oregon. Defendants assert two errors: (1) the F&R only considered the allegations in the First Amended Complaint (FAC), but not the evidence Defendants submitted, in resolving the question of fraudulent joinder; and (2) the F&R misreads *GranCare LLC v. Thrower*, 889 F.3d 543 (9th Cir. 2018).

The core of Defendants' assertion of error is that Defendant Lial has been fraudulently joined to defeat diversity, when in fact Plaintiffs cannot assert a valid claim against her. In my view, the F&R properly analyzes this issue. It takes care not to conflate the test for fraudulent joinder with the test for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). It correctly notes that the burden on a defendant to prevail in showing fraudulent joinder is

2 – OPINION AND ORDER

significantly more difficult. And it correctly analyzes *GranCare* for the proposition that the standard for fraudulent joinder is similar to the "wholly insubstantial and frivolous" standard under Rule 12(b)(6).

Nowhere does the F&R limit its analysis, however, to the allegations in the FAC. In fact, it expressly states that claims of fraudulent joinder allow courts to consider "evidence outside the pleadings to determine whether joinder is fraudulent." F&R [43] at 6.

I agree with the F&R's thoughtful analysis of both domicile and joinder.

## CONCLUSION

Upon review, I agree with Judge Beckerman's recommendation and I ADOPT the F&R [43] as my own opinion. Plaintiff's Motion to Remand [12] is GRANTED and this case is remanded to the Multnomah County Circuit Court.

IT IS SO ORDERED.

DATED this 21 day of January, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge